UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE G. R.,[1]<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS,<br><br>Respondent. | Case No. 1:26-cv-00187-KES-FJS<br><br>A-Number: 205-253-847<br><br>FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE GRANTED AND PETITIONER BE RELEASED IMMEDIATELY<br><br>(ECF No. 1)<br><br>[14-DAY DEADLINE] |

## I. BACKGROUND[2]

Petitioner Jorge G.R. (“Petitioner”) is a citizen of El Salvador who initially entered this country on January 30, 2013, and was ordered removed from the United States on August 27,

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the court omits petitioner’s full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-lsuggestion_cacm_0.pdf.

[2] The facts set out in this section come from petitioner's verified petition and other evidence in the record. A court “may treat the allegations of a verified ... petition [for writ of habeas corpus] as an

2013. (ECF Nos. 9-1, 9-2.) Petitioner was subsequently removed from the United States on October 21, 2013. (ECF No. 9-3.)

Petitioner re-entered the United States on March 17, 2019. (ECF No. 9 at 1.) Immigration authorities accordingly reinstated Petitioner's prior order of removal on March 19, 2019. (*Id.* at 2.) The following day, on March 20, 2019, immigration authorities released Petitioner on an order of supervision. (*Id.*) That order of supervision is attached to the instant petition. (ECF No. 1 at 10-11, 16; *see also* ECF No. 9-6.) Petitioner indicates that he applied for asylum shortly after his release but it is not clear when he filed. (ECF No. 1 at 7 ("Upon entering the country, we got detained by CBP for 3 days and were then released, I was released under an order of supervision and my wife and kids were released upon their own recognition. and were then given a notice to appear in front of an immigration judge on a later date to defend our Asylum claim.").)

On September 10, 2025, U.S Customs and Immigration Enforcement ("ICE") re-detained Petitioner and provided him with a notification of revocation of release. (ECF Nos. 9, 9-7.) On September 23, 2025, ICE served Petitioner with a second notice of its intent to reinstate the prior removal order. (*See* ECF No. 9-8).

On October 7, 2025, an asylum officer denied Petitioner's claim for asylum. (ECF No. 9-9.) On October 21, 2025, an immigration judge upheld the denial of asylum. (ECF No. 9-10.)

As of October 23, 2025, Petitioner had not filed a petition for review with the Ninth Circuit Court of Appeals. (ECF No. 9 at 2.) ICE accordingly scheduled Petitioner for an October 27, 2025, removal flight. (*Id.*)

On October 24, 2025, Petitioner filed a petition for review of his removal order and a motion for a stay of removal with the Ninth Circuit. (ECF No. 9 at 2 (citing *Guzman-Ramos v.* Bondi, 25-6763, ECF Nos. 1 & 2).) Petitioner's appeal appears to challenge the immigration judge's negative reasonable fear determination. (*See* ECF No. 13 at 4 ("Petitioner was placed in withholding-only proceedings following a negative reasonable fear determination affirmed by an

---

affidavit." *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (citing *McElyea v. Babbitt*, 833 F.2d 196, 197–98 (9th Cir. 1987)).

immigration judge. Petitioner filed a petition for review and obtained a stay of removal.").) Since the filing of the appeal, the Ninth Circuit has ordered a stay and ICE has not removed Petitioner from the United States. (ECF No. 9 at 2.)

At the time of these findings and recommendations, Petitioner has been detained for nearly eleven months. During that time, Petitioner asserts that "the Government has failed to provide any meaningful explanation for revoking Petitioner's release on supervision[,]" and, in light of the Ninth Circuit's stay, has not shown that his removal from the United States is imminent. (*See* ECF No. 13 at 3-4.) Based on the record, Petitioner has only ever been provided with the following justification for the revocation of his release: "[t]his decision has been made based on a review of your file and/or your personal interview on account of changed circumstances in your case." (ECF No. 9-7 at 1.) Petitioner accordingly filed a petition for writ of habeas pursuant to 28 U.S.C § 2241 on January 12, 2026. (*See* ECF No. 1.)

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 8 U.S.C. § 2241(c)(3). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the initial burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner seeks relief on two grounds: (1) the Administrative Procedure Act and (2) the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 6.) Respondent does not squarely address either of these claims. (*See generally* ECF No. 9.) Instead, Respondent argues that Petitioner's continued detention is valid under 8 U.S.C. § 1231(a)(6). (*Id.*) The court discusses each of Petitioner's claims in turn.

A. <u>Administrative Procedure Act Claim</u>

The court addresses the parties' arguments regarding the revocation of Petitioner's supervised release in relation to the Department of Homeland Security's ("DHS") reinstated order of removal (ECF No. 9-5), 2019 order of supervision (ECF No. 9-6), and 2025 notice of revocation of release (ECF No. 9-7). Petitioner contends that the government did not comply with the relevant regulations when revoking his supervised release in violation of the Administrative Procedure Act. (*See generally* ECF Nos. 1, 13.) While Respondent acknowledges the prior supervised release order in its response brief (ECF No. 9 at 2), Respondent does not identify—much less distinguish—the agency's own regulations addressing revocation of that release.

Under 8 U.S.C. § 1231(a), the government may seek "expedited removal of an alien who was previously subject to a removal order but returned illegally to the United States." *Andrade-Garcia v. Lynch,* 828 F.3d 829, 831 (9th Cir. 2016). This provision is relevant because Petitioner was previously ordered removed in August 2013 (ECF No. 9-1), was removed from the United States in October 2013 (ECF No. 9-3), and illegally re-entered the country in March 2019 (ECF No. 9-4). Accordingly, Section 1231(a) authorized the government to either initiate new removal proceedings or reinstate the prior order of removal. *Morales de Soto v. Lynch,* 8244 F.3d 822, 825 (9th Cir. 2016); (ECF No. 9-5.). Here, the government reinstated its 2013 order of removal and released Petitioner on an order of supervision in March 2019. (*See* ECF Nos. 9-2, 9-5.)

The choice to release Petitioner on an order of supervision consequently rendered Petitioner subject to the provisions of 8 U.S.C § 1231(a)(3) and its implementing regulations, rather than 8 U.S.C § 1231(a)(6), as Respondent contends. *See Raquel Sanchez Molina (A# XXX-XX9-002), Petitioner, v. Christopher Chestnut, et al., Respondents.,* No. 1:26-CV-02137 DJC SCR, 2026 WL 2086015, at *4 (E.D. Cal. July 20, 2026), *report and recommendation adopted sub nom. Sanchez Molina v. Chestnut*, No. 1:26-CV-02137 DJC SCR, 2026 WL 2286291 (E.D. Cal. Aug. 7, 2026); *see also* 8 U.S.C §§ 1231(a)(3) & (a)(6). Because Petitioner is challenging the government's failure to abide by 8 C.F.R § 241.13(i)(3), the court proceeds on that basis. (ECF No. 1 at 6, 8.)

Section 241.13(i) – titled “Revocation of release” – applies to “[a]ny alien who has been released under an order of supervision” after being ordered removed. *See* 8 C.F.R. § 241.13(i); *see Liu v. Warden, California City Det. Facility,* No. 2:26-CV-01057-KES-SAB (HC), 2026 WL 1243489, at *3 (E.D. Cal. May 6, 2026) (discussing the relationship between 8 U.S.C § 1231(a) and 8 C.F.R. § 241.13(i)). In Petitioner’s case, DHS issued an order of supervision that provides: “the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large[.]” (ECF No. 9-6.) By electing to release Petitioner in 2019, the government was required to comply, at minimum, with 8 C.F.R § 241.13(i) when revoking that release in 2025.

Revocation of release pursuant to 8 C.F.R § 241.13(i), requires the following three procedures: (1) notice of the reasons for revocation that states what circumstances have changed and why petitioner’s removal was not previously but is now significantly likely in the reasonably foreseeable future, (2) a “prompt” initial informal interview after re-detention, and (3) an opportunity to respond to the reasons stated for revocation.” *See Pham v. Warden*, No. 1:25-CV-01873-DC-AC (HC), 2026 WL 849861 at *9, 13 (E.D. Cal. Mar. 27, 2026) (discussing and applying 8 C.F.R § 241.13(i)). The court now considers each of the requirements outlined in 8 C.F.R § 241.13(i) in turn.

The first requirement – that the government provide Respondent with notice of reasons for revocation of supervised release – was not met on here because the agency’s “reasons for revocation” of Petitioner’s release are conclusory and opaque. *See* 8 C.F.R § 241.12(i)(3). The September 9, 2025, notice of revocation, provided the same day that Petitioner was re-detained, states:

> This letter is to inform you that your case has been reviewed and it has been determined that you will be kept in the Custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview on account of changed circumstances in your case.

(ECF No. 9-7.) The district judge assigned to this case has previously held that similar notice is insufficient to provide Petitioner with meaningful opportunity to respond to ICE’s revocation of his release. *See J.L.R.P.,* No. 1:25-CV-01464-KES-SKO (HC), 2025 WL 3190589, at *7 (E.D.

Cal. Nov. 14, 2025) (holding that similar language in a notice of revocation of release "did not provide any specific changed circumstance applicable to petitioner"). Because the notice provided to Petitioner does not identify actual or specific changed circumstances in Petitioner's case, let alone the statutory basis for his re-detention, the agency has violated its own regulations. *See id; see also* 8 C.F.R § 241.13(i)(3).

The court will address the second requirement and the third requirement together. Petitioner appears to allege that the government failed to provide him with a prompt informal interview (requirement two) and an opportunity to submit evidence in support of his release (requirement three). (*See* ECF No. 1 at 8 ("Upon rearrest [sic] me, as required by article 8 C.F.R 241.13(i)(3), ICE was suppose [sic] to provide me with a formal interview… I have never given ICE a reason to doubt my willingness to present myself for my scheduled check-ins or court dates[.]"). Respondent does not explain why the agency failed to provide a prompt informal interview nor do they identify any other opportunity wherein Petitioner was able to submit evidence in support of his release. (*See generally* ECF No. 9.) Yet section 241.13(i)(3) is clear, the agency must "conduct an informal interview *promptly*" after the noncitizen returns to the custody of the agency "to afford the alien *an opportunity to respond* to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3) (emphasis added). The record indicates that the agency did not comply with either requirement. (*See* ECF No. 9.) Accordingly, the court finds that the government failed to comply with the second and third requirements outlined in 8 C.F.R. § 241.13(i). *See Pham,* 2026 WL 849861 at *9, 13-14.

Moreover, detention is permissible under 8 C.F.R. §§ 241.13(i)(1) and (i)(2) only if ICE can show that Petitioner violated the conditions of his release or the government determines that there is a significant likelihood of removal in the reasonably foreseeable future. *See* 8 C.F.R. §§ 241.13(i)(1)-(i)(2). In the instant case, ICE re-detained petitioner without making either showing and without complying with the regulation procedures outlined in 8 C.F.R § 241.13(i)(3). *Liu*, 2026 WL 1243489, at *4.

"[U]nder deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations." *Fed. Defs. of New*

*York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020). Therefore, in absence of evidence in the record identifying why Petitioner was re-detained and when Petitioner was provided with a hearing or other opportunity to respond to the revocation of his release, there is strong support for a finding that the government violated 8 C.F.R § 241.13(i). Because the government failed to comply with its own regulations, the undersigned recommends that Petitioner be released immediately.[3] *See Liu*, 2026 WL 1243489, at *4-5 (ordering immediate release of noncitizen detained in violation of 8 C.F.R § 241.13(i) and where respondents failed to show that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future).[4]

B. Prolonged Detention Claim

Petitioner also brings second claim for habeas relief via the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 6, 8.) Respondent's briefing does not directly address this claim.[5] In the interest of judicial economy and because Petitioner is entitled to the relief he seeks on statutory grounds, the court declines to address Petitioner's second claim for relief. *See Zuniga*

---

[3] Respondent requests that in the event this court orders a bond hearing, the government should not bear the burden of proving that Petitioner will be flight risk or danger to the community. (*See* ECF No. 9 at 5-6.) Yet where there is a statutory violation, as is the case here, the proper remedy is to place the parties in the position they would have been in absent the statutory violation. *Gonzalez-Sanchez v. Warden of Cent. Valley Annex,* No. 1:26-CV-04375-DC-CKD P, 2026 WL 2212535, at *4 (E.D. Cal. July 31, 2026) (ordering immediate release under the previously imposed conditions of petitioner's order of supervision after a finding that the government violated 8 C.F.R § 241.13(i))*, report and recommendation adopted sub nom. ROBERTO-JESUS GONZALEZ-SANCHEZ, A-XXX-XX0-228, Petitioner, v. CENTRAL VALLEY ANNEX, et al., Respondents. Additional Party Names: Cent. Valley Annex Det. Facility,* No. 1:26-CV-04375-DC-CKD (HC), 2026 WL 2294819 (E.D. Cal. Aug. 10, 2026).

[4] The court further notes that Petitioner's removal is no longer reasonably foreseeable because his Petition with the Ninth Circuit Court of Appeals remains pending. There is no evidence available to the undersigned that these proceedings will conclude any time soon.

[5] Respondent's briefing practically ignores Petitioner's prior release and re-detention and instead asserts that the government may continue to detain Petitioner pursuant to 8 U.S.C § 1231(a)(6). (*See* ECF No. 9 at 1.) As explained above, Petitioner is not subject to 8 U.S.C §1231(a)(6). Moreover, courts in this district have previously explained that 8 U.S.C § 1231(a)(6) "does not provide a legal basis to re-detain an individual who has already been released after it was determined that removal was not foreseeable." *Raquel Sanchez Molina,* 2026 WL 2086015, at *4.

*Cruz v. Noem,* No. 1:26-CV-01818-DC-EFB (HC), 2026 WL 890471, at *4 (E.D. Cal. Apr. 1, 2026) (declining to address petitioner's claim for due process because the court was granting the petition on statutory grounds).

C. Request for a Preliminary Injunction

Petitioner also asks that this court grant him a preliminary injunction. (*See* ECF No. 1 at 17.) Since these findings and recommendations provide Petitioner with the relief he seeks, i.e., release from detention, the court will recommend that Petitioner's request for a preliminary injunction be denied as moot.[6] *See Willy Baldomero Moralas Dias v. Warden, Golden State Annex Detention Facility, et al.*, No. 1:26-CV-05565-DC-CSK (HC), 2026 WL 2141718, at *2 (E.D. Cal. July 24, 2026) (granting immediate release of petitioner and denying request for preliminary injunction as moot).

IV. FINDINGS AND RECOMMENDATIONS

For the reasons explained above, the undersigned hereby FINDS AND RECOMMENDS that:

(1) Petitioner's request for a preliminary injunction (ECF No. 1) be DENIED as moot; and

(2) The petition for writ of habeas corpus (ECF No. 1) be GRANTED; and

(3) Petitioner be released, subject to his most recent order of supervision; and

(4) The Clerk of the Court be directed to close this case and enter judgment for Petitioner; and

---

[6] This court is sensitive to the concern that Petitioner might be re-detained on the same grounds that this court now rejects. The court is confident Respondent will be mindful of complying with the final disposition of this petition and honoring that outcome's res judicata effects. *See United States v. Chung Shee*, 76 F. 951, 952-53, 956 (9th Cir. 1896) (affirming the release of an immigrant who was arrested on re-examination after previously obtaining habeas relief that permitted her entry to the United States because "[s]he cannot again be lawfully arrested and held on the same facts that were in issue in the [earlier habeas] proceeding"). Should that confidence prove to be misplaced, however, permanent injunctive relief may become appropriate.

(5) The Clerk of the Court be directed to serve Golden State Annex with a copy of the order.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE