UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUZMAN-RAMOS (A-Number: 205-253-847),<br><br>Petitioner,<br><br>v.<br><br>ANDREWS,<br><br>Respondent. | No. 1:26-cv-00187-KES-FJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE OF PETITIONER<br><br>Doc. 15 |

Petitioner Jorge Guzman-Ramos is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. Doc. 15. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Respondent filed a one-sentence objection to the findings and recommendations, objecting "for the reasons stated in their prior pleadings." Doc. 17.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including respondent's

objections, the court concludes that the findings and recommendations regarding the merits are supported by the record and proper analysis.

Additionally, if the government seeks to re-detain petitioner, due process requires that petitioner first be provided a hearing at which the government must show that petitioner is a flight risk or danger or that there is a significant likelihood of his removal in the reasonably foreseeable future. *See, e.g.*, *Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC, 2026 WL 1284247 (E.D. Cal. May 11, 2026) and *J.L.R.P. v. Wofford*, No. 1:25-cv-01464-KES-EKO, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025).

The findings and recommendations do not recommend permanent injunctive relief but note that it might become appropriate in the future. Doc. 15 at 8 n.6. But, absent such relief, petitioner could be re-detained on the same grounds this court rejected in ordering his release, and respondent has not shown that such injunctive relief, which provides for due process consistent with the claims raised in the petition, unduly burdens the government. Therefore, the court clarifies the scope of the injunctive relief. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondent demonstrates by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Accordingly,

1. The findings and recommendations issued on August 24, 2026, Doc. 15, are ADOPTED;
2. The petition for writ of habeas corpus is GRANTED;
3. Respondent is ORDERED to release petitioner immediately on the conditions of supervision in existence prior to his re-detention;
4. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondent demonstrates by clear and convincing evidence at a pre-deprivation bond

hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and

5. The Clerk of Court is directed to serve Golden State Annex with a copy of this Order.
6. The Clerk is directed to terminate any pending motions as moot, enter judgment, and close the case.

IT IS SO ORDERED.

Dated: September 23, 2026

UNITED STATES DISTRICT JUDGE